IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| **DANNY HONEYCUTT,** as personal representative of the Estate of Nathan Thomas Honeycutt,<br><br>Plaintiff,<br><br>v.<br><br>**CLACKAMAS COUNTY SHERIFF'S OFFICE,** a political subdivision of Clackamas County, Oregon; **CLACKAMAS COUNTY,** a political subdivision of the State of Oregon; **JANSEN BENTO; EVAN SANDERS; MATTHEW ROACH;** and **SAMUEL THARPE**<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT -** Negligence, Wrongful Death, Assault, Battery, and Violations of 42 U.S.C. §1983<br><br>Request for Jury Trial<br>Not Subject to Mandatory Arbitration<br><br>Monetary Claim Against Defendants:<br>$2,500,000.00 |

Plaintiff alleges:

1.

Plaintiff requests a jury trial in this matter.

**VENUE AND JURISDICTION**

2.

Plaintiff Danny Honeycutt ("Plaintiff") is a resident of Yamhill County, Oregon, and is

Page 1 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 1 of 16

1  the duly appointed, qualified, and acting personal representative of the Estate of Nathan Thomas

2  Honeycutt ("Decedent").  Decedent was a resident of Washington County, Oregon, prior to his

3  death. However, the incident giving rise to this cause of action occurred entirely within

4  Clackamas County and the Defendant's are employees or subdivisions of Clackamas County and

5  are headquartered in the same.

6                                       3.

7       Plaintiff brings these claims for the benefit of Decedent's statutory beneficiaries including

8  the decedent's surviving Father, Danny Honeycutt, who under Oregon's law of intestate

9  succession would be entitled to inherit the personal property of Decedent.

10                                      4.

11      At all material times herein, Defendant Jansen Bento was a duly appointed and uniformed

12 Deputy in the Clackamas County Sheriffs's Department. At all material times herein, Defendant

13 Bento was working within the course and scope of his employment with Defendant Clackamas

14 County Sheriff's Department and under color of law.

15                                      5.

16      At all material times herein, Defendant Evan Sanders was a duly appointed and uniformed

17 Deputy in the Clackamas County Sheriffs's Department. At all material times herein, Defendant

18 Sanders was working within the course and scope of his employment with Defendant Clackamas

19 County Sheriff's Department and under color of law.

20                                      6.

21      At all material times herein, Defendant Matthew Roach was a duly appointed and

22 uniformed Deputy in the Clackamas County Sheriffs's Department. At all material times herein,

**Page 2 of 16- COMPLAINT**

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 2 of 16

Defendant Roach was working within the course and scope of his employment with Defendant Clackamas County Sheriff's Department and under color of law.

7.

At all material times herein, Defendant Samuel ("Sam") Tharpe was a duly appointed and uniformed Deputy in the Clackamas County Sheriffs's Department. At all material times herein, Defendant Sam Tharpe was working within the course and scope of his employment with Defendant Clackamas County Sheriff's Department and under color of law.

8.

At all material times herein, Defendant Clackamas County was a political sub-division of the State of Oregon. Defendant Clackamas County Sheriff's Office ("CCSO") is a department/agency of Clackamas County.

9.

Venue and Jurisdiction are appropriate in this court because all, or substantially all, of the events giving rise to this complaint occurred in Clackamas County, Oregon.

10.

Pursuant to ORS 30.275 and related Oregon laws, Plaintiff timely provided notice of his claims in the manner required by law against Defendant on or about March 21, 2022.

**FACTUAL ALLEGATIONS**

11.

Multiple CCSO deputies were involved in this incident. Defendant Deputies Jansen Bento, Evan Sanders, Matthew Roach, and Sam Tharp were all involved in this fatal incident.

12.

Page 3 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 3 of 16

1  On or around September 27, 2021, at approximately 1:57am, Decedent was driving near Happy Valley, Oregon in a white Ford Ranger.

13.

Deputy Sanders indicated that his probable cause for pulling over the white Ford Ranger was that the vehicle allegedly failed to maintain his lane of travel. Defendant Deputy Sanders advised other Deputies in the area that he was not pursuing the vehicle. Despite purportedly not pursuing the vehicle, Defendant Deputy Sanders fully deployed spike strips to stop the Decedent's vehicle as he came down the street. Defendant Deputies took this action despite the fact that there were no other vehicles anywhere nearby at the time of these events.

14.

After successfully spiking the vehicle, Defendant Deputy Matthew Roach followed the Decedent with no emergency lights. While pursuing the vehicle, the white Ford Ranger was successfully maintaining its lane of travel.

15.

At some point while following the Decedent, Defendant Deputy Roach turned his emergency lights on and initiated a precision immobilization technique ("PIT") maneuver by contacting the left rear tire of the Decedent's vehicle.

16.

Following the PIT maneuver, the Decedent then exited the vehicle and began running on foot. All of the responding deputies, including Defendant Deputy Bento, began pursuing or assaulting the Decedent as they arrived on scene. Decedent was first tackled by Defendant Deputy Roach who grabbed Decedent's shoulder and pulled him to the ground. Defendant Deputy Tharp

Page 4 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 4 of 16

1 then arrived on scene and completely restrained the Decedent's legs and left arm. Neither Deputy indicated that they saw a gun at this point, These actions were taken to effectuate an immediate arrest of the Decedent.

17.

Eventually, Defendant Deputy Bento arrived on scene, ran from his vehicle, and immediately got on top of the Decedent. Defendant Deputy Bento had control over the Decedent's right arm. The Deputies and Defendants can be heard shouting "show us your hands" and other directives at the Decedent. All of the individual defendants were present and involved in beating the Decedent and forcefully restraining him.

18.

While the CCSO Deputies were assaulting the Decedent, Defendant Deputy Roach was located directly on top of the Decedent and punched him multiple times in the head and kneed him multiple times as well. At this time, Deputies were yelling at the Decedent to show his hands and to otherwise comply with their directives. However, Decedent was unable to comply as he was completely face down and had multiple officers physically restraining his arms and assaulting him. As he was being assaulted, Decedent attempted to inform the Deputies that he had a gun. Decedent knew that the gun had no bullets and was therefore no threat to the Deputies. Defendant Deputy Bento shouted at the Decedent to drop the gun and show them his hands. When asked to drop the gun, Decedent stated multiple times that he did not have it. The Deputies again asked him to show his hands. Decedent was unable to comply because of the Deputies who were assaulting him and physically restraining him. Defendant Deputy Roach then decided that the "safest option" was to tase the Decedent.

Page 5 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com
Exhibit 101 - page 5 of 16

1  19.

2  While the Decedent was face down on the ground with the three Deputies restraining him,
3  assaulting him, and yelling directives at him, Defendant Deputy Roach pulled out his taser and
4  attempted to tase the Decedent on an exposed portion of his back. Rather than assist Defendant
5  Deputy Roach, Defendant Deputy Bento pulled his service weapon and fired three shots in
6  extremely quick succession into the Decedent, killing him. Neither Defendant Deputy Bento nor
7  Defendant Deputy Tharp had turned on their audio recording devices to capture the audio from
8  this encounter. Defendant Bento's shooting of Decedent was not necessary or warranted under the
9  circumstances.

10  20.

11  The gun that was in the Decedent's possession was an antique gun manufactured prior to
12  the Gun Control Act of 1968. At the time of this incident, the gun had no bullets and was not a
13  threat to any of the Deputies. Upon information and belief, Decedent was bringing this antique
14  gun to his Father, a Military Veteran.

15  21.

16  Decedent's Father, Plaintiff in the present suit, survived Decedent. As the parent of the
17  Decedent, Plaintiff had a deep bond and relationship with Decedent that included socializing,
18  comfort, social plans, and many other events. As next of kin, Plaintiff has lost and will continue
19  to lose, pecuniary support, consortium, society, companionship as well as having suffered the
20  grief and sorrow from the loss of the love and affection of and for his Son. Additionally, the
21  Estate has incurred funeral and burial experiences as a proximate result of his wrongful death.

22  **FIRST CLAIM - NEGLIGENCE/WRONGFUL DEATH**

Page 6 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 6 of 16

**(Count 1 - Against Defendant Clackamas County)**

22.

Plaintiff re-alleges paragraphs 1-21, which are incorporated herein by this reference.

23.

Decedent was pronounced dead on September 27, 2021. Decedent is survived by his father, Danny Honeycutt.

24.

Had Decedent lived, he would have had a right to bring a negligence case against Defendant Clackamas County.

25.

Defendant Clackamas County, by and through its employees and/or agents acting under color of law, had a duty to maintain and/or follow adequate proper policies and procedures.

26.

Defendant Clackamas County had a duty to properly train and supervise its employees including Defendant Deputies.

27.

Deputies Bento, Roach, Tharp, and Sanders failed to use the degree of care and judgment that would have been used by reasonably careful officers when acting within the course and scope of their employment. Specifically:

 a. Pursuing Decedent on foot after his vehicle was stopped and the risk posed to the public relating to his failing to maintain his lane had abated.

 b. Failing to realize, appreciate, and respond appropriately to the level of Danger that

Page 7 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 7 of 16

1 Decedent posed to the Public.

2 c. Using excessive force when trying to apprehend and arrest Decedent.

3 d. Failing to utilize non-lethal means of securing the arrest of the Decedent.

4 e. In using a service revolver to fire three rounds at point blank range into the Decedent

5 and killing him.

6 Additionally, Defendant Clackamas County acting through Defendant Deputies,

7 unreasonably created a foreseeable risk of a need to use deadly force and, therefore, was negligent

8 in one or more of the following particulars, each of which was a substantial factor in causing the

9 death of Nathan Honeycutt:

10 a. In failing to adequately train sheriff deputies regarding the use of reasonable force

11 during an arrest.

12 b. In failing to adequately train sheriff deputies regarding the appropriate use of firearms

13 during the apprehension of a suspect.

14 c. In failing to adequately train sheriff deputies regarding the appropriate times and

15 methods of pursuing and apprehending a suspect.

16 d. Failing to adequately train sheriff deputies regarding the importance and use of non-

17 lethal means in securing the arrest of a suspect.

18 e. Failing to adequately train sheriff deputies on dealing with suspects suffering from

19 mental health or substance abuse issues.

20                                                          28.

21 But for Defendant's negligence, Decedent would not have died when he did and

22 Defendant's conduct was a substantial factor in causing Decedent's death.

Page 8 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 8 of 16

29.

Plaintiff requests compensation for the services related to the disposition of decedent's body and memorial service in an amount to be fully accounted for at trial but presently estimated to be $500,000. Plaintiff requests compensation for his non-economic losses – as described in Paragraph 18 – in the amount of $2,000,000, his costs, and any other relief this court deems just and equitable.

**SECOND CLAIM - ASSAULT**

**(Count 2 - Against Defendant Clackamas County)**

30.

Plaintiff re-alleges paragraphs 1-29 above.

31.

Defendant Polk County, by and through its employees Defendant Deputies, acted in such a manner that Defendant Deputies intended to cause harmful or offensive contact with Decedent and put him in an imminent apprehension of such conduct occurring. Through the aforementioned conduct, Defendant Deputies placed Decedent in an imminent apprehension of harmful or offensive contact occurring through the Defendant Deputies' aggressive pursuit and subsequent foot chase.

32.

As a direct and proximate result of Defendant Clackamas County's conduct, Decedent, his estate, and next of kin have suffered economic damages in the form of medical bills, lost income, and out-of-pocket expenses in amounts to be proved with particularity at trial but not exceeding $500,000. Additionally, As a direct and proximate result of Defendant's conduct,

Page 9 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 9 of 16

1  Decedent, his estate, and next of kin have suffered non-economic damages as described above, in
2  an amount not to exceed $2,000,000. Plaintiff gives notice of his intent to amend this complaint to
3  allege punitive damages.

## THIRD CLAIM - BATTERY

### (Count 3 - Against Defendant Clackamas County)

33.

Plaintiff re-alleges paragraphs 1-32 above.

34.

Defendant Clackamas County, by and through its employees Defendant Deputies, acted in such a manner that Defendant Deputies intended to cause harmful or offensive contact with Plaintiff. This intention was carried out when Defendant Deputies punched, kicked, forcibly restrained, and then shot the Decedent, ultimately killing him. As a result of the actions of Defendant Deputies, Decedent suffered severe pain and suffering and ultimately died from his injuries. This was an unreasonable and non-privileged use of force.

35.

As a direct and proximate result of Defendants' conduct, Decedent and his estate have suffered economic damages in the form of medical bills, lost income, and out-of-pocket expenses in amounts to be proved with particularity at trial but not exceeding $500,000. Additionally, as a direct and proximate result of Defendants' conduct, Decedent, his estate, and next of kin have suffered non-economic damages as described above, in an amount not to exceed $2,000,000. Plaintiff gives notice of their intent to amend this complaint to allege punitive damages.

## FOURTH CLAIM - VIOLATION OF §1983

Page 10 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 10 of 16

**(Against Defendant Bento)**

36.

Plaintiff re-alleges and paragraphs 1-35 above.

37.

42 U.S.C. § 1983 provides that any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress..."

38.

At all times material hereto, Defendant Deputy Bento, acted under color of law and pursuant to official policy, customs and/or usage as a member of the Clackamas County Sheriff's Department, and he subjected the decedent to the deprivation of rights and privileges secured to him by the Constitution of the United States, including the constitutional right to (1) not be deprived of his liberty, (2) due process of law, (3) be free from the use of excess and illegal force against his person, and (4) not be subjected to cruel and unusual punishment under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

39.

At all times material hereto, Defendant Deputy Bento acted under color of law and with malice, deliberate indifference, and/or reckless, callous and gross disregard to the aforementioned rights of the Decedent.

40.

Page 11 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 11 of 16

Plaintiff, as surviving parent and Personal Representative of Decedent's Estate, claims damages for the wrongful death of Decedent as allowed under Oregon law and other such damages. Such damages include the full value of life of Nathan Honeycutt as well as funeral and burial expenses under 42 U.S.C. §1983. Plaintiff is also entitled to reasonable attorney fees and costs and disbursements pursuant to 42 U.S.C. §1988.

### FIFTH CLAIM - VIOLATION OF §1983

**(Against Defendant Sanders)**

41.

Plaintiff re-alleges and paragraphs 1-40 above.

42.

42 U.S.C. § 1983 provides that any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress..."

43.

At all times material hereto, Defendant Deputy Sanders, acted under color of law and pursuant to official policy, customs and/or usage as a member of the Clackamas County Sheriff's Department, and he subjected the decedent to the deprivation of rights and privileges secured to him by the Constitution of the United States, including the constitutional right to (1) not be deprived of his liberty, (2) due process of law, (3) be free from the use of excess and illegal force against his person, and (4) not be subjected to cruel and unusual punishment under the Fourth,

Page 12 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 12 of 16

Eighth, and Fourteenth Amendments to the United States Constitution.

44.

At all times material hereto, Defendant Deputy Sanders acted under color of law and with malice, deliberate indifference, and/or reckless, callous and gross disregard to the aforementioned rights of the Decedent.

45.

Plaintiff, as surviving parent and Personal Representative of Decedent's Estate, claims damages for the wrongful death of Decedent as allowed under Oregon law and other such damages. Such damages include the full value of life of Nathan Honeycutt as well as funeral and burial expenses under 42 U.S.C. §1983. Plaintiff is also entitled to reasonable attorney fees and costs and disbursements pursuant to 42 U.S.C. §1988.

## SIXTH CLAIM - VIOLATION OF §1983

**(Against Defendant Roach)**

46.

Plaintiff re-alleges and paragraphs 1-45 above.

47.

42 U.S.C. § 1983 provides that any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress..."

48.

Page 13 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 13 of 16

At all times material hereto, Defendant Deputy Roach, acted under color of law and pursuant to official policy, customs and/or usage as a member of the Clackamas County Sheriff's Department, and he subjected the decedent to the deprivation of rights and privileges secured to him by the Constitution of the United States, including the constitutional right to (1) not be deprived of his liberty, (2) due process of law, (3) be free from the use of excess and illegal force against his person, and (4) not be subjected to cruel and unusual punishment under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

49.

Plaintiff, as surviving parent and Personal Representative of Decedent's Estate, claims damages for the wrongful death of Decedent as allowed under Oregon law and other such damages. Such damages include the full value of life of Nathan Honeycutt as well as funeral and burial expenses under 42 U.S.C. §1983. Plaintiff is also entitled to reasonable attorney fees and costs and disbursements pursuant to 42 U.S.C. §1988.

**SEVENTH CLAIM - VIOLATION OF §1983**

**(Against Defendant Tharp)**

50.

Plaintiff re-alleges and paragraphs 1-49 above.

51.

42 U.S.C. § 1983 provides that any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

Page 14 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 14 of 16

1  other proper proceedings for redress..."

2                                                    52.

3  At all times material hereto, Defendant Deputy Tharp, acted under color of law and pursuant to official policy, customs and/or usage as a member of the Clackamas County Sheriff's Department, and he subjected the decedent to the deprivation of rights and privileges secured to him by the Constitution of the United States, including the constitutional right to (1) not be deprived of his liberty, (2) due process of law, (3) be free from the use of excess and illegal force against his person, and (4) not be subjected to cruel and unusual punishment under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

                                                     53.

Plaintiff, as surviving parent and Personal Representative of Decedent's Estate, claims damages for the wrongful death of Decedent as allowed under Oregon law and other such damages. Such damages include the full value of life of Nathan Honeycutt as well as funeral and burial expenses under 42 U.S.C. §1983. Plaintiff is also entitled to reasonable attorney fees and costs and disbursements pursuant to 42 U.S.C. §1988.

                                                     54.

**WHEREFORE,** Plaintiff requests the following for his claims for relief:

1. Economic damages in the amount of $500,000;

2. Non-economic damages in an amount to be proven at trial, but which sum is alleged to be $1,000,000;

3. Reasonable attorney fees and costs and disbursements pursuant to 42 U.S.C. §1988.

Page 15 of 16- COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Exhibit 101 - page 15 of 16

4. Compensation for Danny Honeycutt's loss of society and companionship in the amount of $1,000,000;

5. Any other relief this court deems just and equitable.

DATED: April 6, 2023.

*s/ James P. Francis*
Kevin T. Lafky, OSB#852633
klafky@lafky.com
James P. Francis, OSB#223268
Jfrancis@lafky.com
LAFKY & LAFKY
429 Court St. NE
Salem, OR 97301
Tel. (503) 585-2450
Attorneys for Plaintiff

**Page 16 of 16- COMPLAINT**

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com
Exhibit 101 - page 16 of 16